UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEONTAE R. WILLIAMS,
    Plaintiff,

vs.                                        Case No.:  3:21cv1838/LAC/EMT

MARK INCH,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Deontae R. Williams (Williams), an inmate of the Florida Department of Corrections proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).  Presently before the court is Williams' Amended Complaint (ECF No. 10).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b).  After careful consideration of the issues presented, it is the opinion of the undersigned that Williams' claims should be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## I.    BACKGROUND

Williams names Mark Inch, former FDOC Secretary, as the sole Defendant (ECF No. 10 at 1–2).  Williams alleges that on August 13 and 18, 2021, he filed informal grievances complaining that two officers (R. Nation and S. Copeland) used abusive and profane language toward him and other inmates, in violation of the FDOC's Rules of Conduct set forth in Florida Administrative Code Rule 33-208.002(8) (*id.* at 5).[1]  That provision provides, "No employee shall willfully or negligently treat an inmate in a cruel or inhuman manner, nor shall profane or abusive language be used in dealing with an inmate or person under the employee's supervision."  Fla. Admin. Code R. 33-208.002(8).  Williams attached copies of his informal grievances to the amended complaint (ECF No. 10, attachs. B, C).  Those attachments show that both grievances were approved "from an investigative standpoint only" and forwarded to the inspector general's office for review (*id.*).

Even though the informal grievances were approved, Williams alleges he filed a formal grievance to the warden and an administrative appeal to former Secretary Inch's office (ECF No. 10 at 5, attachs. A, D).  Williams alleges representatives of

---

[1] Specifically, Williams alleges Officer Copeland referred to the inmates in Williams' dormitory as "stupid motherfuckers" and "stupid, dumb motherfuckers" (ECF No. 10, attach. C).  Williams alleges when he overslept and missed medication callout, Officer Nation stated, "Hurry the fuck up before I grab you and drag your ass to confinement. . . . If you want to fucking refuse meds, fill out a refusal of medication at the window." (ECF No. 10, attach. B).  Williams states he tried to apologize to Officer Nation, but Nation screamed, "I'm not fucking talking to you, am I!" (*id.*).

the warden's and former Secretary's office returned the formal grievance and administrative appeal without action on erroneous procedural grounds (*id.*). Williams complains the grievance responders did nothing to discontinue the "abusive" and "negligent" conduct of staff (*id.*).

Williams asserts his rights under the Eighth and Fourteenth Amendments were violated by the officers' use of abusive and profane language and former Secretary Inch's failure to do anything about it (ECF No. 10 at 7). Williams seeks punitive damages in the amount of $1,000,000.00 (*id.*).

## II.    STATUTORY SCREENING STANDARD

Because Williams is a prisoner proceeding in forma pauperis, the court must dismiss this case if the court determines it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The statutory language "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and construed in the light most favorable to the plaintiff. *See Davis v. Monroe Cnty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997).

The court may consider documents attached to a complaint or incorporated into the complaint by reference, as well as matters of which a court may take judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Saunders v. Duke*, 766 F.3d 1262, 1272 (11th Cir. 2014).

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks and citation omitted). And "bare assertions" that

"amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks and citation omitted). Stated succinctly,

> [p]leadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

## III.   DISCUSSION

As previously noted, Williams names former FDOC Secretary Inch as the sole Defendant in this case. "It is well established that § 1983 claims may not be brought against supervisory officials on the basis of vicarious liability or respondeat superior." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (citation omitted). A supervisor may be liable under § 1983 only if he "personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional violation." *Id.* (citing *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003)).

The mere fact that former Secretary Inch's representative denied Williams' administrative appeal concerning the subordinate officers' use of profane and abusive language does not state a plausible basis for holding Inch liable for that

conduct. *See Keating*, 598 F.3d at 762; *see also, e.g., Coleman v. Bowden*, 797 F. App'x 422, 427 (11th Cir. 2019) (plaintiff failed to state a claim against defendant whose only alleged involvement was reviewing plaintiff's "emergency" grievance as the FDOC Secretary's representative and returning the grievance without action because plaintiff failed to give the institution an opportunity to resolve the issue) (citing *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.")); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (finding that past grievances were not enough to impute notice, and that the deprivations that constitute widespread abuse sufficient to notify the supervising official must be "obvious, flagrant, rampant and of continued duration").

Additionally, the use of profane, demeaning, and abusive language, though unacceptable and unrelated to any legitimate governmental objective, is not actionable under the Eighth or Fourteenth Amendment. *See Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (rejecting a claim that jailers "violated their duty of protection or deprived the petitioner of his constitutional rights" based on threats from adult inmates, even if the threats were distressing); *see also, e.g., Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) (inmate's

allegations of verbal abuse and threats by prison officials did not state an Eighth Amendment violation because the defendants never carried out the threats and verbal abuse alone is insufficient to state a constitutional claim) (citing *Edwards*).

The court previously instructed Williams on the legal standards for stating a plausible constitutional claim and provided Williams an opportunity to amend his complaint to allege sufficient facts that stated a plausible claim (*see* ECF No. 9). Williams' amended complaint still fails to state a constitutional claim against the named Defendant.    Williams' claims thus should be dismissed pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

Accordingly, it is respectfully **RECOMMENDED**:

1.    That Plaintiff's claims be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

2.    That the clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this <u>2nd</u> day of March 2022.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.